**FILED**

**April 26, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*No.* 20-0755, *Amie Miller v. St. Joseph Recovery Center, LLC, et al.*

**ARMSTEAD, Justice, concurring, in part, and dissenting, in part:**

Because the circuit court found that St. Joseph Recovery Center materially breached its employment agreement with Petitioner and that material breach was the triggering event to require payment of severance benefits, I concur in the majority's reversal of the circuit court's finding that Petitioner was not entitled to the severance package because she did not show "good reason" for her resignation and was not entitled to payment of her accrued paid-time-off. However, I believe the circuit court was correct when it found that "'severance pay,' by its very nature, cannot be 'earned' by a plaintiff until after she is terminated. Therefore, severance pay is not 'compensation for labor or services rendered' by the plaintiff," and is not contemplated in the definition of wages found in the West Virginia Wage Payment and Collection Act. West Virginia Code § 21-5-1(c) (2015) defines wages as:

> compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation. As used in sections four, five, eight-a, ten and twelve of this article, the term *"wages" shall also include then accrued fringe benefits capable of calculation and payable directly to an employee: Provided, That nothing herein contained shall require fringe benefits to be calculated contrary to any agreement between an employer and his or her employees which does not contradict the provisions of this article.*

1

(emphasis added). In order to determine if wages include severance benefits, we are required to determine whether a severance benefit is a "then accrued fringe benefit." The Wage Payment and Collection Act defines fringe benefits as "any benefit provided an employee or group of employees by an employer, or which is required by law, and includes regular vacation, graduated vacation, floating vacation, holidays, sick leave, personal leave, production incentive bonuses, sickness and accident benefits, and benefits relating to medical and pension coverage." W. Va. Code § 21-5-1(*l*) (2015). While the majority opinion is correct that the use of the term "includes" means this list is not exhaustive, the list and statute contemplate benefits accrued by an employee during the course of their employment.

However, there is a difference between an accrued benefit and a severance benefit. This distinction has been noted by the United States District Court for the Southern District of West Virginia. In *Tobin v. Ravenswood Aluminum Corp*, 838 F.Supp. 262 (S.D. W. Va. 1993), employees of Ravenswood Aluminum Corporation alleged that they had not been "fully compensate[d] . . . for earned fringe benefits and severance benefits, in violation of the West Virginia Wage Payment and Collection Act." *Id.* at 268. While the severance benefit at issue in *Tobin* differed somewhat from that at issue here, the district court drew a distinction between the payment of accrued fringe benefits and severance benefits, noting "the *accrued benefits* secured by ERISA do not encompass unfunded, contingent early

2

retirement benefits or *severance payments*." *Id.* at 269, *quoting Sejman v. Warner-Lambert*, 889 F.2d, 1346, 1348 (4th Cir. 1989) (emphasis added). This is because, "[a]ccrued vacation pay constitutes a fringe benefit rather than a severance benefit…." *Tobin*, at 272 n.13.

Likewise, the definition of fringe benefits contained in West Virginia Code § 21-5-1(*l*), contemplates benefits that accrue as an employee works. A severance benefit does not accrue. It may become payable in the future but a severance benefit is not accrued in the same sense that the other items contained in the definition of "fringe benefits" are accrued. This is particularly true here, where Petitioner's entitlement to the severance package was dependent upon the manner and conditions under which she left employment and whether her reasons for resigning constituted "good cause."

For those reasons, I dissent as to the majority opinion's finding that the severance benefits at issue were "fringe benefits" subject to the West Virginia Wage Payment and Collection Act and concur with the majority's finding that the circuit court erred in finding that Petitioner was not entitled to a severance package or payment of accrued paid-time-off.